NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: PAUL PONIATOWSKI,**
*Appellant*

---

2017-1346

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 13/559,194.

---

Decided: May 9, 2017

---

PAUL PONIATOWSKI, Ontario, Canada, pro se.

NATHAN K. KELLEY, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Michelle K. Lee. Also represented by THOMAS W. KRAUSE, JOSEPH GERARD PICCOLO, KAKOLI CAPRIHAN.

---

Before REYNA, LINN, and TARANTO, *Circuit Judges.*

PER CURIAM.

Paul Poniatowski filed U.S. Patent Application No. 13/559,194 in 2012. As relevant here, the examiner rejected claims 1–9 and 11–13 as unpatentable for obviousness, and the Patent Trial and Appeal Board of the

Patent and Trademark Office affirmed.  Mr. Poniatowski has shown no reversible error, and we therefore affirm.

I

Mr. Poniatowski's application, which claims priority through various continuation applications back to April 7, 2003, concerns an apparatus for engaging in wireless commercial transactions.  The examiner rejected claims 1–3, 6, 8, 9, 11, and 12, determining that those claims would have been obvious over a combination of U.S. Patent No. 7,040,541 issued to Swartz, U.S. Patent No. 5,181,238 issued to Medamana, U.S. Patent No. 8,219,490 issued to Hammad, and U.S. Patent Publication No. 2010/0023449 to Skowronek.  The examiner also rejected claims 4, 5, 7, and 13 for obviousness based on these and other references.  The Board affirmed those rejections.  *In re Poniatowski*, No. 2014-007989, 2016 WL 3442692, at *2–3 (PTAB June 21, 2016) (*Decision on Appeal*); *see also In re Poniatowski*, No. 2014-007989, 2016 WL 6524749 (PTAB Oct. 27, 2016) (*Rehearing Decision*).[1]

The Board treated claim 1 as representative of the disputed claims because Mr. Poniatowski did not argue for the patentability of any of those claims separately in his appeal brief to the Board.  *See* Appellee's App. 5 (Board decision); *id.* at 145–54 (appeal brief).  Claim 1 reads as follows:

> 1. An apparatus for engaging in wireless commercial transactions, said apparatus comprising a mobile phone equipped with a dedicated actuator for initiating a commercial transaction, and an optical input for receiving information concerning prices of goods, a network hub for wireless ex-

---

[1]    The examiner did not reject claim 10 or claim 14. The examiner rejected claim 15, but the Board reversed. Those claims are not before us.

change of information between a commercial establishment and said mobile phone within the boundaries of the establishment, and a financial/authorization institution for associating a PIN number with said mobile phone and for authorizing transactions initiated by said mobile phone.

Appellee's App. 111.

Mr. Poniatowski appeals the Board's decision under 35 U.S.C. § 141(a). He argues that the Board failed to consider the following arguments raised in a letter submitted to the Board on May 18, 2014: (1) Swartz does not disclose "a phone equipped with [a] dedicated actuator that initiates commercial transaction[s]"; (2) Swartz does not disclose "an optical input for receiving information concerning prices of goods [that] is . . . attached to the phone"; (3) Swartz does not disclose "a phone that solicits [a] selection of a subset [of] items from [a] listing"; and (4) Swartz does not disclose "a financial/authorization institution for associating a PIN number with said mobile phone." Appellant's Br. 2. According to Mr. Poniatowski, the Board could not have affirmed the examiner's rejections had it considered those arguments. We have jurisdiction to review the Board's decision under 28 U.S.C. § 1295(a)(4)(A).

II

Under the version of 35 U.S.C. § 103(a) applicable to this application, a claimed invention is unpatentable "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the claimed invention pertains." 35

U.S.C. § 103(a).[2]   "Whether a claimed invention would have been obvious is a question of law, based on factual determinations regarding the scope and content of the prior art, differences between the prior art and the claims at issue, the level of ordinary skill in the pertinent art, and any objective indicia of non-obviousness." *Randall Mfg. v. Rea*, 733 F.3d 1355, 1362 (Fed. Cir. 2013); *see KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007); *Graham v. John Deere Co. of Kan. City*, 383 U.S. 1, 17–18 (1966). "On appeal, we review the Board's compliance with governing legal standards de novo and its underlying factual determinations for substantial evidence." *Randall*, 733 F.3d at 1362.

Mr. Poniatowski faults the Board for disregarding four contentions about what Swartz teaches. This challenge lacks merit. Mr. Poniatowski has not shown that the Board relied on Swartz for any claim element that he separately and timely argued to the Board.

As an initial matter, the "phone that solicits" limitation—the third item enumerated above—is reflected in claim 5 but does not appear in claim 1. But Mr. Poniatowski did not argue for the patentability of claim 5 separately to the Board. Under 37 C.F.R. § 41.37(c)(iv), the Board acted properly in limiting itself to the arguments raised in the applicant's appeal brief. *See, e.g.*, *In re Baxter Int'l, Inc.*, 678 F.3d 1357, 1362 (Fed. Cir. 2012); *In re McDaniel*, 293 F.3d 1379, 1383 (Fed. Cir. 2002).

---

[2]   The Leahy–Smith America Invents Act changed the language of § 103(a), *see* Pub. L. No. 112–29, § 3(c), 125 Stat. 284, 287 (2011), but those changes do not apply to this 2012 application. *See id.* § 3(n)(1), 125 Stat. at 293.

As to the "dedicated actuator" and "PIN number" limitations—the first and fourth items in Mr. Poniatowski's enumeration above—Mr. Poniatowski's challenge to the Board's decision also fails because the arguments were not timely presented to the Board. Those limitations do appear in claim 1. But the examiner found those limitations present in the prior art, *see* Appellee's App. 131–33, and Mr. Poniatowski did not challenge those findings in his appeal brief to the Board, *see id.* at 146–50. The Board therefore could properly consider these points forfeited. *See Rehearing Decision*, 2016 WL 6524749 at *2.

Moreover, the examiner found these limitations present, not in Swartz, but in Skowronek and Hammad (actuator) and in Medamana (PIN number). *See* Appellee's App. 131–33; *Rehearing Decision*, 2016 WL 652749 at *3 (discussing Hammad). Those findings make Mr. Poniatowski's current argument about Swartz immaterial to the outcome. And Mr. Poniatowski makes no meaningful or persuasive argument that substantial-evidence support is lacking for the examiner's findings that the non-Swartz references teach these elements. For example, Hammad discloses that a consumer may initiate a transaction with a merchant by interacting with his mobile communication device. Hammad, col. 6, lines 51, 54–56. That disclosure is reasonably read as teaching that the mobile communication contains a means by which the consumer initiates the transaction, *i.e.*, an actuator.

What remains is the "optical input for receiving information" limitation—the second item in Mr. Poniatowski's enumeration. As to that limitation, the Board first affirmed the examiner's finding that Swartz disclosed that limitation. *Final Written Decision*, 2016 WL 3442692, at *2–3. Swartz discloses an order-fulfillment system, Swartz, abstract, that includes a machine used "to retrieve data files including items such as prices,"

Swartz, col. 3, lines 9–10.  It teaches, moreover, that the "[c]ollection of data is preferably performed by a bar code scanner."  Swartz, col. 5, lines 19–20.  Mr. Poniatowski fails to provide any persuasive reason that the Board could not consider this bar code scanner to be an optical input for receiving information concerning the price of goods.

In seeking rehearing, Mr. Poniatowski argued that, although the system in Swartz includes a mobile phone, the optical input in Swartz is not attached to the mobile phone.  *See* Swartz, fig.3 (depicting mobile phone and scanner as separate subcomponents of system).  Considering this argument, the Board observed that the examiner relied on the Hammad reference to teach a wireless phone that is equipped with an actuator for initiating a commercial transaction.  *Rehearing Decision*, 2016 WL 652749 at *3.  And the Board reasoned that a person of ordinary skill in the art would modify the device in Swartz to include the mobile phone features disclosed in Hammad.  *Id.*  Mr. Poniatowski challenges this finding with a teaching away argument in one sentence of his opening brief: "Combining Swartz with Hammad indeed teaches away from the [a]ppellant['s] invention scope/function and would make the invention inoperable."  Appellant's Br. 6.  But this argument, made for the first time on appeal to this court, has been waived by Mr. Poniatowski.  *See In re Watts*, 354 F.3d 1362, 1367 (Fed. Cir. 2004).  And in any event, he has not shown inoperability or offered any other persuasive support for the teaching-away contention.  Accordingly, he has failed to show that the Board's decision was unsupported by substantial evidence.

## III

For the foregoing reasons, we affirm the Board's decision.

No costs.

**AFFIRMED**